## THE A. F. NICHOLS.

*(District Court, D. New Jersey. December 12, 1884.)*

MARITIME LIEN—REPAIRS ON VESSEL IN FOREIGN PORT—CONTRACT—LIBEL DISMISSED.

As there is no sufficient proof of the waiver of the terms of the contract under which libelant was to furnish the materials and do the work in repairing the vessel now libeled, the libel must be dismissed.

Libel *in rem.*
*See Bros.*, for libelant.
*J. A. Hyland*, for respondent.

NIXON, J. This is a libel *in rem* for repairs, etc., to a vessel in her foreign port. The case turns upon the question whether the materials furnished and the work done, for the payment of which the libel-

ant sues, were performed under a contract or not. The payment is resisted by the claimant on the ground that there was a written agreement between the parties, and that the libelant has failed to comply with its terms. The libelant admits that, originally, there was a contract in writing, but claims that, when the boat was sent to his dock for repairs, he examined her and discovered that she was so old, and her timbers so rotten, that it was impossible to proceed under the contract; that he went to the office of Compton, the respondent's husband and agent, and so advised him; that Compton sent his clerk and agent, Turner, to examine the boat to ascertain whether she was worth repairing; that Turner came, and, after examination, said that the repairs could be made by using one-inch plank, doubling one on top of the other, and showed him where to cut and where to put in the pieces, and authorized the use of new timbers, for which the additional compensation of $10 was to be made. Both Compton and Turner admit the interview and visit, and deny the conversation, or any change of the original contract. But such denial is so guarded and qualified that I am greatly inclined to believe the libelant's statement, and the more especially as he is confirmed by the evidence of his wife and a Mrs. Wilson, who were present at the interview between Turner and the libelant, and testify as to the conversation which they heard between them. But this evidence does not help the libelant. The Schedule A annexed to and forming part of his libel asserts that the work was done under a contract; and while the foregoing testimony may be accepted as showing that it was changed by a verbal agreement in regard to the character of the plank to be put on, and the amount of compensation to be rendered, the contract remains operative as to its other provisions. It is clear that the libelant has not performed the remaining work in accordance with its terms, and no payment is due until such performance. I think the libelant is honest, and has done the best that he could under the circumstances. It is a hardship to him that he is not paid for his work; but the respondent insists upon her contract, and there is no sufficient proof that it has been waived, except as to the above particulars.

The libel must be dismissed.